## STATE OF CONNECTICUT *v.* LARRY TAYLOR
## (7677)

BORDEN, O'CONNELL and FOTI, Js.

Argued January 18—decision released April 17, 1990

*Denise Dishongh,* with whom was *Louis S. Avitabile,* for the appellant (defendant).

*Judith Rossi,* assistant state's attorney, with whom, on the brief, were *John Connelly,* state's attorney, and *Eva Lenczewski,* deputy assistant state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from the judgment of conviction, after a jury trial, of robbery in the first degree in violation of General Statutes

§ 53a-134 (a) (4), and burglary in the first degree in violation of General Statutes § 53a-101 (a) (1). He was acquitted of a charge of unlawful restraint in the first degree under General Statutes § 53a-95 (a).

The defendant claims that the trial court erred (1) in denying his midtrial motion to sever his trial from that of his codefendant, (2) in refusing to give a missing witness instruction, and (3) in erroneously instructing the jury on the elements of robbery in the first degree. He also claims that the state's attorney made improper and prejudicial comments during closing arguments and that the evidence was insufficient to justify his conviction of robbery in the first degree. We find error.

This case arose out of an incident in Waterbury on December 24, 1987. At approximately 11:30 a.m., three men, one armed with a pistol and another armed with a sword, burst into the victims' apartment. One of the victims, William Terry Moore, observed the faces of two of the perpetrators as they broke through the door and before they pulled ski masks completely over their faces. Moore was forced into the bedroom and onto the bed, with the other victim, his girl friend, Shirley Miller. The man with the pistol demanded drugs and money and simultaneously slammed the gun against Moore's foot. After handcuffing the victims together, threatening to kill them and ransacking the apartment, the men left.

Both victims later gave statements to the police in which they identified the defendant, whom they had seen in their neighborhood, as the man who was holding the gun. Moore's identification was based on what he saw prior to the perpetrator's pulling down his mask. Miller based her identification on her observation of part of the gunman's face and her recognition of his accent. They also identified the codefendant as a par-

ticipant in the crime. After the codefendant's motion to sever was denied, the two defendants were tried together.

The defendant's motion to sever arose in the following context. During the presentation of the state's case, both Moore and Miller recanted their statements to the police in which they had identified the codefendant as a participant in the crime. They testified instead that while they remembered seeing the defendant's face, they never saw the codefendant's. The codefendant, as part of his case-in-chief, called attorney Louis Avitabile and assistant state's attorney Marcia Smith to testify as to a conversation that took place between Miller and Smith prior to the trial. Avitabile, at the time, was representing Miller on an unrelated criminal charge when Smith met with Miller to discuss the burglary. Both Avitabile and Smith testified that Miller told Smith, in Avitabile's presence, that her statement to the police was incorrect and that she could not identify the codefendant as one of the robbers. The sole purpose of this testimony was to bolster the credibility of Miller's in-court testimony in which she had identified the defendant, but failed to identify the codefendant. As soon as the nature and purpose of the proffered testimony became clear, the defendant moved to sever. This motion was denied. The codefendant was acquitted of all charges.

The defendant acknowledges that he made no pretrial motion for severance and explains that he had no reason to suspect that his codefendant's case would be antagonistic to his own. Once the antagonism became apparent, however, he immediately moved for severance.

Severance of trials of defendants involved in the same incident lies within the discretion of the trial court. *State* v. *Smith,* 201 Conn. 659, 668, 519 A.2d 26 (1986). Joint trials are the rule, and separate trials will be

ordered only when " 'the defenses of the accused are antagonistic, or evidence will be introduced against one which will not be admissible against others, and it clearly appears that a joint trial will probably be prejudicial to the rights of one or more of the accused. . . .' " *State* v. *Vinal,* 198 Conn. 644, 648, 504 A.2d 1364 (1986). The trial court's refusal to sever will be reversed on appeal only when manifest prejudice to one or more of the defendants results. Id., 649.

Turning to the facts of this case, we note that the codefendant sought to undermine the state's case against him by supporting the credibility of Miller's in-court testimony. This had the effect of counteracting the defendant's attempts to impeach the witness' credibility and show a reasonable doubt. Under these circumstances, the denial of the defendant's motion to sever resulted in "substantial injustice" to him. See *State* v. *McLucas,* 172 Conn. 542, 559, 375 A.2d 1014, cert. denied, 434 U.S. 855, 98 S. Ct. 174, 54 L. Ed. 2d 126 (1977). It is apparent from his closing argument that the codefendant attached considerable importance to the victims' in-court testimony. He abandoned a planned alibi defense and, instead, concentrated solely on the testimony of Moore and Miller. Several times counsel asked the jury to believe these witnesses, stating at one point, "I am asking you to believe them *just as the State wants you to.*" (Emphasis added.) Thus, under the facts presented here, we are convinced that the defendant's conviction was in part a result of his codefendant's success in defending himself by urging the jury to believe testimony which, although it exculpated the codefendant, inculpated the defendant. *State* v. *Vinal,* supra, 652. Simply stated, in a criminal prosecution, the defendant should have to defend himself against only the state and not against his codefendant as well.

Accordingly, we must set aside the defendant's conviction and remand the case for a new trial.[1] In light of our disposition of the first claim, we do not reach the remaining claims of error.

There is error, the judgment is set aside and the case is remanded for a new trial on the charges of robbery in the first degree and burglary in the first degree.

In this opinion the other judges concurred.

---

[1] We have reviewed the defendant's claim that there was insufficient evidence to support his conviction of first degree robbery. We are satisfied that there is nothing to prevent his retrial on this charge.